UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER DIRIG,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    CAUSE NO. 3:12-CV-549 WL
                                  )
WILLIAM WILSON, *et al.*,         )
                                  )
            Defendants.           )

OPINION AND ORDER

Christopher Dirig, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983 in the LaPorte Circuit Court, naming as defendants Indiana Department of Correction ("IDOC") Commissioner Bruce Lemmon, ISP Superintendent Williams Wilson, and ISP officials Tina Hill, Officer Aubin, Officer Calhoun, Officer Jonas, Officer Bird, and Officer Clouse. The Defendants removed the complaint to this court pursuant to 28 U.S.C. §§ 1441 and 1446.

The court screened the complaint, as required by 28 U.S.C. § 1915A(a), granted the Plaintiff leave to proceed against Defendants Wilson, Hill, Aubin, Calhoun, Jonas, Bird, and Clouse in their individual capacities for damages on the Eighth Amendment claims contained in paragraphs four, five, six, eight, nine, and ten of his complaint, dismissed all other claims, and dismissed Defendant Lemon. Dirig has now filed an amended complaint.

Because the Defendants have filed a responsive pleading and the time has passed within which the Plaintiff could have filed an amended pleading as a matter of right, he

may now amend his complaint only by leave of court or with consent of the Defendants. Fed. R. Civ. P. 15(a). Rule 15(a) provides that leave to amend the complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993). For the reasons that follow, the Court will grant the Plaintiff leave to file his amended complaint, which supersedes the original complaint. *Duda v. Bd. of Educ. of Franklin Park Public Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

Pursuant to 28 U.S.C. § 1915A(a), a district court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Section1915A requires the court to screen proposed amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F.Supp.2d 633 (N.D.Ind. 1998). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6) of the Federal Rules of Civil Procedure. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

In his original complaint, the Plaintiff raised several claims that survived screening. In Paragraphs four and five of his original complaint Dirig alleged that Defendant Bird forced him to stay in an unclean cell on January 2 and 3, 2011, and denied him cleaning materials (DE 1 at 2-4). In Paragraph five and six of his original

2

complaint, Dirig alleged that on January 26, 2011, Defendant Hill placed him in another unclean cell (DE 1 at 4). In paragraph eight of his original complaint, Dirig alleges that he developed an infection, but was denied the opportunity to see a doctor (DE 1 at 5). In paragraph nine of his original complaint, Dirig alleged that on April 19, 2011, he "was beaten, spit on and chained to a chair" (DE 1 at 6) and that Officers Calhoun, Jonas, and Aubin maced him in the face and then placed him naked in "dog-like cage" and "refused him the right to use the toilet" (*Id.*). In paragraph 10 of his complaint, Dirig alleges after beating him, Defendants Calhoun, Jonas, and Aubin placed him in a cell "naked with no mattress and no blankets" (DE 1 at 7).

In his amended complaint, Dirig repleads his allegations from paragraphs nine and ten of his complaint. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). The Court has already determined that the allegations against Defendants Wilson, Calhoun, Jonas, and Aubin state a claim upon which relief can be granted and these claims, as re-pled in the amended complaint, state a plausible claim upon which relief can be granted. Accordingly, the Court will allow the Plaintiff to proceed against Defendants Wilson, Calhoun, Jonas, and Aubin in their

individual capacities on the Eighth Amendment claims against them presented in his amended complaint.

In his amended complaint, however, Dirig does not reassert his claims from paragraphs four, five, six, and eight of his original complaint, against Defendants Bird, Hill, and Clouse. "Once an amended pleading is filed, it supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Duda,* 133 F.3d at 1057 (citations and quotation marks omitted). Accordingly, the Court will dismiss Defendants Bird, Hill, and Clouse.

In his amended complaint, Dirig asserts a new claim that he is entitled to "$656 million dollars based on the Indiana Department of Correction['s] failure to properly investigate and failure to protect the plaintiff, from Defendant[s]" (DE 35 at 7). But the Constitution's Eleventh Amendment provides that: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Indiana Department of Correction, as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. *Meadows v. State of Indiana*, 854 F.2d

1068, 1069 (7th Cir. 1988). Accordingly, it would be futile to allow Dirig to amend his complaint to bring a claim that the IDOC failed to properly investigate his claims and did not protect him from Officers Calhoun, Jonas, and Aubin, and the Court will dismiss that claim.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to file his amended complaint (DE 35), which supersedes his original complaint;

(2) GRANTS the Plaintiff leave to proceed against Defendants William Wilson, Officer Aubin, Officer Calhoun, and Officer Jonas, in their individual capacities for damages on the Eighth Amendment claims against them contained in the Plaintiff's amended complaint;

(3) DISMISSES, pursuant to 28 U.S.C. § 1915A, all other claims contained in the amended complaint, and DISMISSES Defendants Tina Hill, Officer Bird, Officer Clouse, and Indiana Department of Correction;

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that Defendants Wilson, Aubin, Calhoun, and Jonas respond to the amended complaint as provided for in the Federal Rules of Civil Procedure, and AFFORDS them until May 3, 2013, within which to respond to the amended complaint; and

(5) VACATES the scheduling order (DE 26). The Court will enter a new scheduling order after the Defendants have filed their responsive pleading.

SO ORDERED.

DATED: April 3, 2013

s/William C. Lee
　　　　　　　　　　　　　　　　William C. Lee, Judge
　　　　　　　　　　　　　　　　United States District Court