UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER DIRIG, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:12-CV-549 WL |
| WILLIAM WILSON, *et al.*, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

This matter is before the Court on the second motion for a preliminary injunction or a temporary restraining order filed by Plaintiff Christopher Dirig, a prisoner committed to the Indiana Department of Correction and currently confined at the Westville Control Unit ("WCU"). In his complaint and amended complaint, Dirig alleged that Indiana State Prison ("ISP") officials violated his Eighth Amendment rights while he was confined there in 2011. In his current motion for a temporary restraining order or preliminary injunction, Dirig alleges that since he has arrived at the WCU he has been given a "bad time" by WCU staff, that "'the Nation of Islam' stated to the Plaintiff 'make the United States pay'" (DE 40 at 5), and that he "is concerned that the Nation of Islam will act against the United States regardless of what he has to say about it" (*Id.* at 6). The Petitioner "prays for relief for damages $18 million dollars and safekeeping outside the State of Indiana in Federal custody" (DE 40 at 7).

Since Dirig asks for a temporary restraining order or a preliminary injunction, the Court will address both standards. A temporary restraining order is an extraordinary and

drastic remedy that should not be granted unless the movant carries the burden of persuasion by a clear showing of (1) reasonable likelihood of success on the merits, (2) no adequate remedy at law, (3) irreparable harm absent injunctive relief outweighing irreparable harm if injunctive relief is granted, and (4) no harm to the public interest. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Under federal law a temporary restraining order should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (citations omitted).

Similarly, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

Temporary restraining orders and preliminary injunctions are both extraordinary and drastic remedies, and in order to obtain either, a party must clearly establish that he has a reasonable likelihood of success on the merits and that he will suffer irreparable harm if the Court does not grant immediate relief. The Plaintiff's request for injunctive relief will be denied because Dirig has not demonstrated that he has a likelihood of success on the

2

merits or that he will suffer irreparable harm if immediate relief is not granted. Dirig's complaint arose at the Indiana State Prison, and the Defendants are all ISP officials. Dirig filed his complaint while he was housed at the NCCF, and he is currently confined at the WCU, where he says he is having problems with the staff and, apparently, with the Nation of Islam.

The Plaintiff does not seek to maintain the status quo. Rather, he seeks damages against the defendants (who are not the persons he asserts he is currently having problems with), and asks that this Court transfer him from the custody of the State of Indiana to a Federal facility. A claim for damages is not relief that Dirig can receive by means of a temporary restraining order or a preliminary injunction. Dirig also asks the Court to pluck him from the custody of the State of Indiana, and put him in a federal facility, which is also relief that he cannot receive by means of a temporary restraining order or a preliminary injunction. The Plaintiff has been convicted in an Indiana Court of a felony and committed to the Indiana Department of Correction. This Court has no legal authority to require that the State of Indiana surrender the Plaintiff to the United States.

The matters the Plaintiff has raised in his motion for a temporary restraining order or a preliminary injunction bear no relation to the claims he brought against the defendants in his complaint and amended complaint, and are more properly addressed in a new civil complaint than in a motion for a temporary restraining order or a preliminary injunction in this case. Accordingly, the Court will direct the clerk to enclose the materials necessary to file a new civil complaint along with his copy of this order.

For the foregoing reasons, the Court DENIES the Plaintiff's second request for a preliminary injunction or temporary restraining order (DE 40). The Court DIRECTS the clerk to enclose the materials necessary to file a new civil complaint along with the copy of this order sent to the Plaintiff.

SO ORDERED.

DATED: June 12, 2013

                                          s/William C. Lee  
                                          William C. Lee, Judge  
                                          United States District Court