UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CHRISTOPHER DIRIG,           )
                             )
    Plaintiff,                )
                             )
    v.                        )    CIVIL NO. 3:12cv549
                             )
WILLIAM WILSON, *et al.*,     )
                             )
    Defendants.               )

OPINION AND ORDER

This matter is before the court on a motion to dismiss pursuant to Rule 12(b)(6), filed by the defendants on June 21, 2013. The plaintiff, Christopher Dirig ("Dirig"), proceeding *pro se*, filed his response on July 9, 2013. Dirig filed a further response on July 15, 2013, titled "Motion to Dismiss Defendant [sic] Motion to Dismiss Pursuant to Rule 12(b)(6)". The defendants filed their reply on August 7, 2013. Dirig then filed a "Motion to Dismiss State Defendant's Reply Brief" on September 3, 2013. Also before the court is a "Motion to Grant Subpoena", filed by Dirig on July 29, 2013.

For the following reasons the defendants' motion to dismiss will be converted to a motion for summary judgment, with further briefing requested, and the motion to grant subpoena will be granted.

Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Kirk v. City of Kokomo*, 772 F.Supp. 2d 983, 988 (S.D. Ind. 2011) (citing *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991)). "[F]actual allegations in the complaint must be sufficient to raise the

possibility of relief above a 'speculative level', assuming that all of the allegations in the complaint are true." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citation omitted). Detailed factual allegations are not required, but the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

After the Supreme Court's ruling in *Iqbal*, this Court is to use a "two-pronged" approach to evaluate the sufficiency of a complaint. "First, although a court must accept as true all of the allegations contained in the complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Hayden v. Paterson*, 594 F.3d 150, 161 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). *"*At the second step, a court should determine whether the well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement of relief." *Id.* (internal quotations omitted).

Moreover, "a plaintiff can plead itself out of court when it admits all the ingredients for an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co*., 372 F.3d 899, 901 (7th Cir. 2004). Under those circumstances, it is appropriate to dismiss an otherwise valid claim under Rule 12(b)(6). *Id*.

## Discussion

Dirig's complaint raises, pursuant to Section 1983, an Eighth Amendment claim alleging, *inter alia*, that Department of Correction officials subjected him to abusive or excessive force in

2

violation of the Eighth Amendment's prohibition on cruel and unusual punishment. In support of their motion to dismiss, the defendants[1] contend that Dirig's complaint must be dismissed because he has failed to exhaust administrative remedies. Dirig was an inmate with the Indiana Department of Corrections ("IDOC") at all times relevant to his complaint. The Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a) (1994 ed., Supp. V) ("PLRA") states that: "'No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Porter v. Nussle*, 534 U.S. 516, 520 (2002). The "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences," and includes all available administrative appeals. *Id; See also Burrell v. Powers*, 431 F.3d 282 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). Consequently, "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter*, 534 U.S. at 524.

An administrative remedy is "available" if the administrative procedure has "authority to take some action in response to a complaint." *See Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001). The meaning of "some action" embraces discipline of officers, moving an inmate to another unit or facility, and even merely holding a hearing. *Id.* It is not enough that an inmate file a grievance. "To exhaust administrative remedies, a person must follow the rules governing

---

[1] William Wilson, Tina Hill, Officer William Aubin, Officer Ralph Calhoun, Officer Aaron Jonas, Officer Harold Bird III, and Officer Scott Clouse.

filing and prosecution of a claim. . . . [T]hese include time limits." *Pozo*, 286 F.3d at 1025. The Seventh Circuit has held that a failure to exhaust is a failure to comply with the elements of a federal statute precluding a plaintiff's statutory right to relief. *See Frey v. Envtl. Prot. Agency*, 270 F.3d 1129, 1135 (7th Cir. 2001). Exhaustion of administrative remedies is a precondition to asserting relief under the PLRA. This Court may also take judicial notice of whether the plaintiff has failed to exhaust his administrative remedies. *See Kolodiy v. U.S.*, 2011 WL 3489934 at *3 (E.D. Wis.) (taking judicial notice of plaintiff's failure to exhaust by relying on the agency's records).

The Seventh Circuit "has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(quoting *Pozo*). Further, the Court has held that a prisoner whose grievance had been rejected as untimely had not "exhausted" within the meaning of the PLRA. *See Woodford v. Ngo*, 548 U.S. 81.

The defendants note that Dirig has failed to disclose whether he has properly exhausted the grievance process regarding alleged mistreatment by corrections officers at Indiana State Prison ("ISP"). The defendants point out that a check of Dirig's grievance history reveals that he never filed any grievance against ISP staff about the alleged mistreatment contained in paragraphs 8 -10 of his Complaint. In order to give the prison an opportunity to address his grievance fully on the merits and properly exhaust his remedies, Dirig must not only file a grievance but also timely appeal the response to his grievance to the facility executive assistant within ten working days from receipt of the response. The defendants contend that Dirig has

4

failed to accomplish either step of the grievance process.

In his response, Dirig admits that he did not exhaust his administrative remedies. However, he claims he did not file a grievance within the time prescribed by the IDOC grievance process because he was on suicide watch and not permitted the use of any pens, pencils, or paper.

The defendants and Dirig have filed evidence in support of their respective positions. The defendants have submitted records of Dirig's grievance history while incarcerated in IDOC. Dirig has submitted letters he received from Mr. Howard Morton, the Executive Assistant at the Indiana State Prison, where Dirig was incarcerated at the time of the alleged incidents which form the basis of his complaint. Dirig also asserts that he is entitled to a "good faith" exception to the exhaustion rule because his attempts to exhaust were thwarted by prison officials.

In order to consider materials outside the pleadings, the court must convert the motion to dismiss into a Rule 56 motion for summary judgment. However, the current briefing is not sufficient for a summary judgment ruling. Thus, the court will grant Dirig's motion to grant subpoena, which is directed to Corizon Medical Service, enabling him to receive the medical records he needs to properly support his allegations. Dirig is directed to file a brief with the court in support of his position within 30 days after receipt of the records. The defendants may file a response within 30 days thereafter, and Dirig may file a reply within 15 days after the defendants' response is filed.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 47] is hereby CONVERTED to a Rule 56 summary judgment motion.

Further, Dirig's "Motion to Grant Subpoena" [DE 53] is hereby GRANTED.

Entered: October 18, 2013.

                                                          s/ William C. Lee
                                                          William C. Lee, Judge
                                                          United States District Court